UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN EDWARD MORA,<br><br>    Plaintiff,<br><br>    v.<br><br>H. WILLIAMS, et al.,<br><br>    Defendants. | No. 2:20-cv-0746-EFB P<br><br>ORDER GRANTING IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (ECF No. 2).  He also requests the appointment of counsel (ECF No. 1).

Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### Screening Order

Plaintiff's complaint asserts Eighth Amendment excessive force claims and Americans with Disabilities Act ("ADA") claims against five defendants: Williams, Hetrick, Webb, Spong, and Vartanian. According to the complaint, plaintiff is a fifty-one-year-old inmate who is mobility impaired and hearing impaired. He alleges the following: On October 23, 2019,

plaintiff was recovering from a toe amputation surgery and confined to a wheelchair. Williams pushed plaintiff's wheelchair backward, such that he and plaintiff were face-to-face. Williams then picked plaintiff up from the wheelchair. Hetrick assisted by pushing plaintiff up against a wall, while Webb grabbed onto plaintiff's left hand and arm. Spong then pushed plaintiff hard from behind him. Together, Williams, Hetrick, Webb, and Spong all body-slammed plaintiff to the floor, causing plaintiff to hit his head, back, and legs against the ground. Hetrick, Webb, and Spong then jumped on plaintiff while he was on the ground and Spong hit plaintiff on his back. Vartanian participated by kicking plaintiff's face while he was on the ground.

Liberally construed, plaintiff's allegations state potentially cognizable Eighth Amendment excessive force claims against all defendants. Plaintiff's ADA claims, however, cannot survive screening. The only cognizable ADA claim for money damages – the sole relief sought by plaintiff  (ECF No. 1 at 14) – must be brought against a public entity. *Lovell v. Chandler*, 303 F.3d 1039, 1051 (9th Cir. 2002). Plaintiff has not named a public entity defendant, but even if he had, his claim would still fail. To state an ADA claim against a public entity, plaintiff must allege that "(1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d at 1052. Although plaintiff is allegedly disabled, there are no allegations that he was excluded from participating in any program or discriminated against because of his disabilities.

Thus, plaintiff may either proceed with his Eighth Amendment excessive force claims against all five defendant (Williams, Hetrick, Webb, Spong, and Vartanian) or he may amend his complaint to attempt to cure the defects in his ADA claims. He may not, however, change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Moreover, plaintiff is not obligated to amend his complaint.

<ins>Leave to Amend</ins>

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

### Request for Appointment of Counsel

Plaintiff also requests that the court appoint him an attorney. ECF No. 1 at 15. District courts may authorize the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. The court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate his claims amount to exceptional circumstances justifying the appointment of counsel at this time.

### Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

/////

4

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's request for the appointment of counsel (ECF No. 1) is DENIED.

4. Plaintiff's complaint alleges, for screening purposes, viable Eighth Amendment excessive force claims against all five defendant (Williams, Hetrick, Webb, Spong, and Vartanian).

5. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.

6. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

7. Failure to comply with any part of this this order may result in dismissal of this action for the reasons stated herein.

DATED: May 5, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN EDWARD MORA,<br><br>  Plaintiff,<br><br>  v.<br><br>H. WILLIAMS, et al.,<br><br>  Defendants. | No. 2:20-cv-0746-EFB P<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with his Eighth Amendment excessive force claims against all five defendants (Williams, Hetrick, Webb, Spong, and Vartanian);

OR

(2) _____ delay serving any defendant and files an amended complaint.

_____
                                                                                        Plaintiff

Dated:

6