UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN EDWARD MORA,<br><br>          Plaintiff,<br><br>     v.<br><br>H. WILLIAMS, *et al.*<br><br>          Defendants. | Case No.  2:20-cv-00746-KJM-JDP (PC)<br><br>ORDER THAT PLAINTIFF'S MOTION TO COMPEL AND MOTION TO SUBPOENA PRISON EMPLOYEES BE DENIED AS MOOT<br><br>ECF Nos. 31 & 33<br><br>FINDINGS AND RECOMMENDATIONS THAT:<br><br>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF Nos. 34 & 38 |

Plaintiff Ruben Edward Mora alleges that defendants Williams, Hetrick, Spong, Webb, and Vartanian violated his Eighth Amendment rights by using excessive force against him. ECF No. 1 at 4. Defendants have filed a motion for summary judgment arguing that plaintiff failed to exhaust his claims against them before he filed this action. ECF No. 34. I have reviewed the pleadings and agree. Accordingly, I will deny plaintiff's discovery motions, ECF Nos. 31 & 33.[1] I will also recommend that plaintiff's motion for summary judgment, ECF No. 38, be denied.

---

[1] I have reviewed the discovery motions and determined that nothing therein bears on plaintiff's ability to answer defendants' motion for summary judgment.

1

**Motion for Summary Judgment**

A.  **Legal Standards**

   1.  **Summary Judgment Standard**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving

party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).  "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

### 2. Exhaustion Requirements

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Unexhausted claims require dismissal. *See Jones v. Bock*, 549 U.S. 199, 211 (2007).

A prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Id.* at 218. When a prison's grievance procedures do not specify the requisite level of detail, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted). "The grievance 'need not include legal terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.'" *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (quoting *Griffin*, 557 F.3d at 1120).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. The Supreme Court has explained when an administrative procedure is unavailable:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation . . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 1859-60 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies.").

If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**B.     Analysis**

Plaintiff alleges that, on October 23, 2019, he was being escorted back to his cell by the defendants. ECF No. 1 at 4. He was seated in a wheelchair, which defendant Williams was pushing. *Id.* He claims that, during the escort, Williams and defendant Hetrick lifted him from his wheelchair and slammed him against a nearby wall. *Id.* Then, defendants Webb, Hetrick, and Spong pushed him to the ground and jumped on him, while defendant Vartanian kicked him in the face. *Id.*

Plaintiff filed an administrative grievance concerning the assault, No. CMF-M-19-04694, on the day that it occurred. ECF No. 34-4 at 11. The grievance identified only defendant Spong by name, though it referenced other unnamed officers who participated in the attack. *Id.* That grievance bypassed the first level of administrative review and, at the second level, prison officials issued a decision finding no wrongdoing on the part of the officers. *Id.* at 11-15. Plaintiff did not appeal that grievance to the third and final level of administrative review, and so the grievance was not exhausted. ECF No. 35 at 5.

While the foregoing grievance was pending, plaintiff filed ten grievances that prison officials screened out as duplicative. ECF No. 34-4 at 4. Those screen-outs advised plaintiff that he should appeal grievance No. CMF-M-19-04694 to the third level of review. *See, e.g.*, *id.* at 17.

Only one grievance bearing any relation to the excessive force incident was fully exhausted. Grievance No. CMF-M-19-05674 alleged that plaintiff had wrongfully been charged with a rules violation report for assaulting a peace officer. ECF No. 34-5 at 78, ECF No. 35 at 7. That grievance, even if deemed to be sufficiently related to the assault at issue, does not exhaust plaintiff's claims. It was not fully exhausted until May 29, 2020, ECF No. 35 at 7, and this action was filed April 13, 2020, ECF No. 1.

I have done my best to analyze plaintiff's two oppositions to defendants' motion. ECF Nos. 36 & 37. The first is one-hundred and fifty-six pages long and consists largely of uncontextualized grievance documents. Plaintiff does not explain why any of those documents exhaust the claims at bar. He does invoke grievance No. CMF-M-19-05029, but, as defendants point out, that grievance was cancelled by prison officials on December 23, 2019. ECF No. 36 at

71, 76.  I am also unpersuaded by plaintiff's argument that administrative remedies were unavailable to him.  As noted above, the cancellation of his duplicative grievances explicitly advised him to appeal his first grievance, No. CMF-M-19-04694.  Plaintiff never did so.  The second (and impermissible) opposition fares no better, even if accepted.  Like the first opposition, it is comprised of a short, hard-to-decipher handwritten section and a collection of uncontextualized documents.  Nothing therein establishes exhaustion.

        Accordingly, it is ORDERED that plaintiff's motions to compel discovery, ECF No. 31, and to subpoena prison employees, ECF No. 33 are denied as moot.

        Further, it is recommended that:

        1. Defendants' motion for summary judgment, ECF No. 34, be granted, and plaintiff's claims be dismissed without leave to amend for failure to exhaust.

        2. Plaintiff's motion for summary judgment, ECF No. 38, be denied.

        3. The Clerk of Court be directed to close the case.

   I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   September 20, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6